UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| EVA JO JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:21-cv-0241-DCLC-SKL |
| ) | |
| U.S. DEPARTMENT OF HOMELAND ) | |
| SECURITY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Before the Court is an application ("Application") and an amended application ("Amended Application") to proceed *in forma pauperis* ("IFP") filed by Eva Jo Johnson ("Plaintiff") [Doc. 2 & Doc. 8]. This matter comes before the undersigned pursuant to 28 U.S.C. § 636(b) and the rules of this Court. Plaintiff's Application [Doc. 2] was deficient, and she was ordered to either pay the filing fee or submit a new and correctly completed application with sufficient information for the Court to determine if Plaintiff is able to pay the Court's filing fee while still affording the necessities of life [Doc. 7]. On October 27, 2021, Plaintiff timely filed her Amended Application [Doc. 8].

Title 28 U.S.C. § 1915 authorizes an indigent plaintiff to file a complaint without prepayment of the usual filing fee. The purpose of the statute is "to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (*citing Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). The Court's review of a request to proceed IFP is generally based solely on the affidavit of indigence. *See, e.g.,*

*Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). The threshold requirement a petitioner must meet in order to proceed IFP is to show, by affidavit, that he or she is unable to pay court fees and costs. 28 U.S.C. § 1915(a). An affidavit to proceed IFP is sufficient if it shows the petitioner's financial situation will not permit her to pay for the costs of the litigation and also be able to provide the necessities of life for herself and her dependents. *Adkins*, 355 U.S. at 339.

      Plaintiff's Amended Application does not show she is unable to pay the $402 filing fee while still affording the necessities of life. Plaintiff's Amended Application states that she has a checking account balance of about $4,000, savings account balance of about $12,000, an estimated pension of $9,900, and stocks and bonds of $5,659 [Doc. 8 at Page ID ## 30 & 31]. It appears Plaintiff is now unemployed[1] and has no dependents. Plaintiff lists her total monthly living expenses as $6,667.93 (though it is possible Plaintiff's total monthly expenses may actually be much lower as she lists credit card debt as $3,000 and again lists $3,000 as part of her monthly living expenses). In the Amended Application, Plaintiff did not list how much money she has coming in each month; rather, she listed totals funds in various accounts. It appears Plaintiff's

---

[1] Plaintiff stated she was last employed in June 2003 with an approximate gross monthly income of $6,000 [Doc. 8, Page ID # 29].

reasonable monthly living expenses do not exceed her income each month.[2]

Accordingly, I **RECOMMEND** that the Application and Amended Application to proceed IFP [Doc. 2 and Doc. 8] be **DENIED** and her case be **CLOSED** (without prejudice to filing a complaint[3] with the proper filing fee if she wishes to do so).[4]

ENTER.

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[2] Admittedly this is difficult to tell. For example, in the Amended Application she lists a monthly mortgage payment of $1,052 with a loan balance on the mortgage of $48,341 and an equity loan with monthly payment of $150 and loan balance amount of $24,672 on a home she values at $150,000 [Doc. 8 at Page ID ## 31, 33, & 34]. In the liabilities section, Plaintiff lists an estimated $75,000 mortgage debt, and indeed the total amount of Plaintiff's mortgage and equity loan is very close to that amount, $73,014 [Doc. 8 at Page ID at ## 33 & 34]. There are further inconsistencies that could be enumerated here, but as Plaintiff's Amended Application states she has a checking account balance of about $4,000, a savings account balance of about $12,000, an estimated pension of $9,900, and stocks and bonds worth $5,659 [Doc. 8 at Page ID ## 30 & 31], she clearly has reported sufficient resources to pay the filing fee after her reasonable monthly living expenses are satisfied.

[3] Because Plaintiff is not entitled to IFP status, the undersigned **HAS NOT** screened the complaint to determine whether it fails to state a claim.

[4] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

3